IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENNIE M. TABB, III,<br>    Petitioner, | )<br>)<br>) |
| v. | )   2:11-cv-1243<br>) |
| JON D. FISHER, et al.,<br>    Respondents. | )<br>)<br>) |

MEMORANDUM and ORDER

Mitchell, M.J.:

      Bennie M. Tabb, III, an inmate at the State Correctional Institution – Smithfield has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

      Tabb is presently serving a six to fifteen year sentence imposed following his conviction by a jury of corrupt organizations/racketeering, criminal conspiracy and possession and possession with intent to deliver a controlled substance at No. CP-37-CR-302-2006 in the Court of Common Pleas of Lawrence County, Pennsylvania. This sentence was imposed on November 3, 2006.[1]

      An appeal was taken to the Superior Court in which the issues presented were:

    I.    Was the evidence presented by the Commonwealth sufficient to prove each element of the Corrupt Organization charges beyond a reasonable doubt?

    II.    Did the court abuse its discretion in using the phrase "Detroit Drug Operation" as the name for the corrupt organization over Appellant's objection?[2]

On November 13, 2007, the judgment of sentence was affirmed[3] and relief was not sought from the Pennsylvania Supreme Court.

---

[1] See: Petition at ¶¶ 1-6.
[2] See: Exhibit J Part 1 to the answer at p.11.
[3] See: Exhibit L to the answer.

1

On January 2, 2009, Tabb filed a post-conviction petition.[4] The court concluded that the petition was untimely and relief was denied on September 17, 2009[5]. An appeal to the Superior Court was filed in which the issues presented were:

A. Whether the timeliness exception of 42 Pa.C.S. § 9545(b)(1)(i) applies since prison officials prevented Defendant/Petitioner/Appellant from timely filing his *pro se* PCRA petition by removing Court records of this case from his possession during a period when the petition could have been timely prepared and submitted.
B. Whether Defendant/Petitioner/Appellant's guilty verdict and conviction have been unconstitutionally sustained as a result of prior defense counsel['s] ineffectiveness:
   (i) Attorney Nicholas A. Frisk, Esq. failed to pursue and/or preserve available issue(s) relating to an alibi defense involving a time period after January 13, 2005 (i.e., including later in January 2005 and /or May 2005 and/or July 2005) when Defendant/Petitioner/Appellant was incarcerated.
   (ii) Attorney Nicholas A. Frisk, Esq. failed to pursue and/or preserve appealability issue(s) involving insufficiency of the evidence to support the guilty verdict (i.e., concerning lack of specificity of witness testimony) in support of Defendant/Petitioner/Appellant's alibi defense.
   (iii) Attorney Nicholas A. Frisk, Esq. was ineffective in failing to introduced medical expert evidence to demonstrate the extent to which witness(es) who testified against Defendant/Petitioner/Appellant were under the influence of drugs.[6]

On September 21, 2010 the denial of post-conviction relief was affirmed ("we … conclude that Tabb's lack of access to his records for a period of time did not preclude him from discovering the claims he wished to raise on collateral review. We discern no error in the trial court's decision to dismiss Tabb's petition as untimely").[7]

A petition for allowance of appeal to the Pennsylvania Supreme Court was filed in which these same issues were raised.[8] On March 30, 2011 leave to appeal was denied.[9]

---

[4] See: Exhibit A to the answer at p.14.
[5] See: Exhibits P and Q to the answer. Specifically the trial court concluded that petitioner had nine months in which to prepare his post-conviction petition prior to his legal materials being removed and that the petition could have been completed without those legal papers. See: Exhibit Q to the answer at p.7. These findings are presumed correct here. 28 U.S.C. § 2254(e)(1).
[6] See: Exhibit U Part 1 to the answer at pp.13-14.
[7] See: Exhibit W to the answer.
[8] See: Exhibit X Part 1 to the answer at pp.11-12.
[9] See: Exhibit Z to the answer.

The background to this prosecution is set forth in the November 13, 2007 Memorandum of the Superior Court wherein it is noted:

> Appellant was arrested on February 24, 2006, by agents of the Office of the Attorney General of Pennsylvania following the conclusion of a statewide grand jury investigation into an organized cocaine distribution ring that operated in Lawrence County from January 2003 until 2006. Appellant was charged with corrupt organizations, PWID cocaine, and related offenses. A jury trial was conducted on August 15, 2006, and, at the conclusion of trial, Appellant was convicted.[10]

In the instant petition executed on October 19, 2011, Tabb contends he is entitled to relief on the following grounds:

1. Petitioner has a right to present an alibi defense… where [petitioner] was incarcerated during the time alleged crimes were committed.
2. Petitioner has a right to effective assistance of counsel at trial, direct appeal and post-conviction proceedings… Counsel failed to properly introduce evidence in support of petitioner's alibi defense … in that during the time of grand jury investigation petitioner was incarcerated and could not [have] participated in the illegal drug transactions for … which he was accused and convicted. [And] counsel…fail[ed] to preserve and raise these meritorious issues in petitioner's concise matters complained of on appeal.
3. Petitioner's conviction was obtained by result of insufficient evidence of the Commonwealth.
4. Prison guards unjustifiably confiscated petitioner's legal documents, transcripts and discover[y] materials and did not return these items until petitioner's [appeal] time was up.[11]

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

> (1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[10] See: Exhibit L to the answer at pp.1-2.
[11] See: Petition at ¶ 12.

>(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, the judgment of sentence was affirmed on November 13, 2007, and leave to appeal to the Pennsylvania Supreme Court was not sought. If review by the state's highest court is not sought, the conviction becomes final when the time in which to seek such review expires. Gonzalez v. Thaler,   U.S.   (2012). Thus under Pennsylvania law Tabb's conviction became final on December 13, 2007 when the time in which to seek leave to appeal to the Pennsylvania Supreme Court expired.[12] The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief until January 2, 2009 or over a year after he could have done so. That petition was denied as untimely under Pennsylvania law on September 17, 2009; the denial of relief on grounds of untimeliness was affirmed by the Pennsylvania Superior Court on September 21, 2010 and leave to appeal was denied by the Pennsylvania Supreme Court on March 30, 2011. The instant petition was executed on October 19, 2011or almost seven months after it could have been submitted. Thus, combining the delay in initially seeking post-conviction relief with the delay in seeking relief here, far in excess of the one year period in which to seek relief has expired.

In addition, since Tabb's post-conviction petition was deemed untimely under state law, that determination is conclusive here, Swarthout v. Cooke, 131 S.Ct.859 (2011). Thus, the petition here is untimely, and will be dismissed. Since reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

---

[12] Rule 1113 Pa.R.App.P

4

ORDER

AND NOW, this 26th day of January, 2012, for the reasons set forth in the foregoing Memorandum, the petition of Bennie M. Tabb, III for a writ of habeas corpus is DISMISSED, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

                                                  s/ Robert C. Mitchell
                                                  United States Magistrate Judge